**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FRANK GALLARDO, an individual on behalf of himself, and on behalf of all persons similarly situated,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>AIG DOMESTIC CLAIMS, INC., a Delaware corporation; CHARTIS CLAIMS, INC., a Delaware corporation,<br><br>    Defendants - Appellees. | No. 13-56358<br><br>D.C. No. 8:12-cv-01107-CJC-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted October 22, 2015[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON and TROTT, Circuit Judges and STAFFORD,[***] Senior District Judge.

Appellant Frank Gallardo ("Gallardo") appeals the district court's grant of summary judgment in favor of appellee AIG Domestic Claims ("AIG Claims").[1] Specifically, Gallardo appeals (1) the district court's finding that Gallardo—a hearing representative for AIG Claims—was properly classified as an exempt administrative employee; and (2) the district court's refusal to admit into evidence Gallardo's expert report. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.      Gallardo Is An Exempt Administrative Employee

We review grants of summary judgment de novo. *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1124 (9th Cir. 2002). What Gallardo did as an employee is a question of fact we review for clear error, but whether Gallardo's activities exempted him from overtime benefits is a question of law we review de novo. *Id.* We must determine if the evidence, viewed in the light most favorable to the nonmoving party, raises any genuine issues of material fact. *Id.* at 1124. Here, the

---

[***] The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

[1] AIG Domestic Claims, Inc., a subsidiary of American International Group, changed its corporate name to Chartis in July 2009.

district court properly found that there were no genuine issues of material fact, nor did the court err in holding that AIG Claims had established as a matter of law that Gallardo was properly classified as an exempt administrative employee.

Gallardo's job duties meet all five elements required to satisfy the test for administrative exemption. *See Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 831 (9th Cir. 2011) (citing Cal. Code Regs. tit. 8, § 11040(1)(A)(2) (codified version of Wage Order No. 4-2001, § (1)(A)(2))).[2] First, Gallardo performed work directly related to AIG's management policies or business operations, i.e., his work was qualitatively administrative and of substantial importance to the company. *See* § 11040(1)(A)(2)(a)(I); *Harris*, 53 Cal. 4th at 181–82. Here, Gallardo represented AIG Claims in hearings before the Workers' Compensation Appeals Board; conducted depositions of witnesses, physicians, and workers; provided recommendations regarding the value of claims, which AIG Claims generally followed; and negotiated settlements. *See Harris* 53 Cal. 4th at 189.

---

[2] Wage Order 4-2001 should be understood in light of FLSA regulations effective as of the date of the order: 29 C.F.R. Sections 541.201–205, 541.207–208, 541.210, and 541.215. *Harris v. Superior Court*, 53 Cal. 4th 170, 180 (2011). However, more recent regulations are also instructive because newer regulations "were intended to be consistent with the old regulations." *Id.* at 189 n.8.

Second, Gallardo customarily and regularly exercised discretion and independent judgment. *See* § 11040(1)(A)(2)(b). For each matter, Gallardo personally decided how best to present the facts and to frame the issues; how best to present a defense; and how best to respond to questions posed by the judge during hearings. He independently reviewed the case file to determine the type of injury at issue and what admission of facts he might want to solicit from the witness or injured party during depositions. He used preformatted templates in taking depositions and he was given authority for settlement ranges, but none of these diminishes his independent judgment or discretion. *See* 29 C.F.R. § 541.207(e)(1) (2000).

Third, Gallardo did specialized work "under only general supervision." *See* § 11040(1)(A)(2)(d). Although Gallardo contends that he needed approval for virtually every decision he made, the undispusted facts show that Gallardo spent most of his time working independently with little day-to-day oversight. Overall, he spent the majority of his time conducting independent case analysis, making recommendations to his superiors, or appearing alone at settlement conferences, trials, and arbitration hearings. He decided how to present issues he argued at hearings, how to frame depositions, and how best to reach settlement within the authority given to him. Although Gallardo was required to report to a claims

adjuster, the adjuster did not dictate how Gallardo was to conduct himself during hearings. The majority of Gallardo's work provided significant freedom and latitude to act.

Gallardo does not contest the remaining two elements of the administrative test. *See* §§ 11040(1)(A)(2)(f), (g). Because there are no genuine issues of material fact as to any of the elements regarding the administrative exemption, we affirm the district court's grant of summary judgment to AIG Claims.

## II. The District Court Did Not Abuse Its Discretion in Excluding Gallardo's Expert Report

The district court's decision regarding the admissibility of expert testimony is reviewed for an abuse of discretion. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1070 (9th Cir. 2011). We use a two-step inquiry to determine if such an abuse has occurred: (1) we determine de novo if the district court used the correct legal rule when excluding the expert testimony; and (2) if so, whether the court's application of the legal standard was "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Redlightning*, 624 F.3d 1090, 1110 (9th Cir. 2010).

Here, the district court identified the correct legal standard for determining whether an expert's testimony is admissible, i.e., Fed. R. Evid. 702. In addition, we cannot say that the district court's application of this standard was without

support from the facts in the record. The undisputed facts do not require expert analysis. Moreover, the expert provided a bare legal conclusion that was properly excluded by the district court. *See Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992). The district court had sufficient support from the record to draw the inference that the expert testimony was not helpful to the trier of fact. Thus, the district court did not abuse its discretion in excluding the expert testimony.

**AFFIRMED**